UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DOROTHY POLK, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:15CV00542 ERW |
| | ) |
| PFIZER, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER OF REMAND

This matter comes before the Court on Defendant's "Motion to Dismiss the Claims of Out-of-State Plaintiffs" [ECF No. 6], Defendant's "Motion to Stay Pending MDL Transfer" [ECF No. 16], and Plaintiffs' joint Motion to Remand [ECF No. 11].

### I.  BACKGROUND

In February 2015, forty-nine individuals who are citizens of sixteen different states (Missouri, New York, South Carolina, North Carolina, Georgia, Maryland, Wisconsin, Michigan, Florida, Washington, Mississippi, California, New Mexico, Montana, Massachusetts, and Rhode Island) filed this action against Pfizer, Inc. (which is a citizen of New York and Delaware) in the Circuit Court for the City of St. Louis, State of Missouri, alleging injuries caused by the "ingestion" of LIPITOR®, an HMG-CoA reductase inhibitor "prescribed to reduce the amount of cholesterol and other fatty substances in the blood" [*See* ECF No. 5]. Plaintiffs allege the use of LIPITOR® "is causally related to the development of type 2 diabetes and/or blood glucose levels diagnostic for type 2 diabetes" [ECF No. 5 at ¶ 65]. According to Plaintiffs' Petition (hereafter "Complaint"), Defendant "negligently, recklessly and/or carelessly

marketed, distributed, and/or sold LIPITOR® without adequate instructions or warnings of the drug's serious side effects and unreasonably dangerous risks" [ECF No. 5 at ¶ 71]. The Complaint contains the following seven claims: strict liability; product liability (failure to warn); negligence; breach of express warranty; breach of implied warranty; fraud; and fraudulent concealment.

On March 27, 2015, Defendant filed a Notice of Removal, removing the case to this Court on the basis of diversity, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 [ECF No. 1]. That same day, Defendant filed its Motion to Dismiss [ECF No. 6], arguing the claims of the "out-of-state Plaintiffs" (i.e., those Plaintiffs who are not citizens of Missouri) should be dismissed for lack of personal jurisdiction. Included in these forty-seven out-of-state Plaintiffs are four citizens of New York, and the dismissal of these four Plaintiffs would create complete diversity. On April 13, Plaintiffs filed their Motion to Remand [ECF No. 11], asserting this Court does not have subject matter jurisdiction to hear the case, based on the lack of complete diversity resulting from the presence of the four New York Plaintiffs. Subsequently, Defendant also filed a Motion to Stay [ECF No. 16], in which it asks the Court to issue an Order "staying proceedings in this action pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") regarding the transfer of this action to MDL No. 2502, *In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Products Liability Litigation (No. II)*."

## II. DISCUSSION

It is within the Court's discretion to determine whether to decide issues of personal or subject matter jurisdiction first. Here, the Court declines to rule on the personal jurisdiction issue first, as the inquiry regarding subject matter jurisdiction is not "arduous." *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 587-88 (1999) (recognizing that when the issue of subject

matter jurisdiction is straightforward, "expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first").

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Circ. 2005)). Diversity jurisdiction under 28 U.S.C. § 1332 requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007).

After removal, a plaintiff may seek remand of the case to state court, and the case should be remanded if it appears the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College,* 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro*, 591 F.3d at 620 (citing *Wilkinson v. Shackelford*, 478 F.3d 957, 963 (8th Cir. 2007)).

Fraudulent joinder, which occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal, has long been recognized as an exception to the complete diversity rule. *In re Prempro*, 591 F.3d at 620 (internal citation omitted). A more recent exception to the complete diversity rule is fraudulent misjoinder, which "occurs when a plaintiff sues a diverse defendant in state court and joins a viable claim involving a nondiverse party, or a resident defendant, even though the plaintiff has no reasonable procedural basis to join them in one action because the claims bear no relation to each other." *Id.* In such cases, where the claim destroying diversity has no real connection with the controversy

involving the claims that would qualify for diversity jurisdiction, some courts have concluded diversity is not actually defeated. *Id.* Here, in support of its position Plaintiffs' Motion to Remand should be denied, Defendant argues, "Subject Matter Jurisdiction Exists Due to Fraudulent Joinder and Procedural Misjoinder[1]" [ECF No. 21 at 6].

### A. *Fraudulent Joinder*

In seeking the application of fraudulent joinder principles to the present situation, Defendant states, "[T]he Eighth Circuit has not defined 'fraudulent joinder' to exclude fraudulent joinder of plaintiffs. Although the Eighth Circuit has articulated the fraudulent joinder standard in the context of joinder of defendants, . . . it has never suggested that the standard would be improper in the context of joinder of plaintiffs" [ECF No. 21 at 6]. Defendant then points to two Orders from the Eastern District of Missouri, which, according to Defendant, applied fraudulent joinder principles to similar circumstances [ECF No. 21 at 6-7].

Defendant's argument fails to convince this Court such an application of fraudulent joinder principles is necessary or required. As Defendant admits, the Eighth Circuit Court of Appeals has described fraudulent joinder within the context of the potentially-improper joining of *defendants*. *See In re Prempro*, 591 F.3d at 620 ("Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse *defendant* solely to prevent removal.") (citing *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003)) (emphasis added). Given this definition by the Eighth Circuit, and absent a larger trend by courts within this Circuit to expand this understanding, this Court will not apply fraudulent joinder principles to the joining of the Plaintiffs at issue in this case.

### B. *Fraudulent Misjoinder*

---

[1] Defendant uses this term to refer to fraudulent misjoinder [*See* ECF No. 21 at 9-15].

- 4 -

In its recent discussion of fraudulent misjoinder, the Eighth Circuit neither adopted nor rejected the doctrine as a valid basis for removal. *In re Prempro*, 591 F.3d at 622. In *Prempro*, plaintiffs filed three lawsuits in which they asserted state law tort and contract claims against defendant companies that manufactured and marketed hormone replacement therapy (HRT) drugs. *Id.* at 617. Defendants removed the cases to federal court, alleging diversity jurisdiction and arguing the plaintiffs' claims were fraudulently misjoined because they did not arise out of the same transaction or occurrence as required by Federal Rule of Civil Procedure 20(a). *Id.* at 618. The Eighth Circuit concluded, "[E]ven if we adopted the doctrine, the plaintiffs' alleged misjoinder in this case is not so egregious as to constitute fraudulent misjoinder." *Id.* at 622. More specifically, the court found, after considering Rule 20 joinder standards, the defendants "ha[d] not met their burden of establishing that plaintiffs' claims are egregiously misjoined." *Id.* at 623.

In reaching its decision, the Eighth Circuit addressed several issues. First, the court discussed Rule 20(a)(1), which states:

> (1) Plaintiffs. Persons may join in one action as plaintiffs if:
>   (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>   (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a); *In re Prempro*, 591 F.3d at 622. The court then noted its previous adoption of a "very broad definition" for the term "transaction" (for purposes of Rule 20), which it described as "a word of flexible meaning," which "may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *In re Prempro*, 591 F.3d at 622. Accordingly, the court noted the plaintiffs' claims arose "from a series of transactions between HRT pharmaceutical

manufacturers and individual[]" users, and given the nature of the plaintiffs' claims, determined the litigation was "likely to contain common questions of law and fact." *Id.* at 623 (quoting a law review article which states, "When plaintiffs join together to sue a defendant based on the purchase of a common product or having engaged in a common transaction, it seems rather clear that their claims will involve some common question of law or fact"). For example, the court pointed out the existence of common questions relating to causation between the product and the injuries. *Id.* (stating, "One such common question might be the causal link between HRT drugs and breast cancer"). The court concluded, "Based on the plaintiffs' complaints, we cannot say that their claims have 'no real connection' to each other such that they are egregiously misjoined." *Id.* (distinguishing the case from *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1986), and declining to apply the fraudulent misjoinder doctrine "absent evidence that plaintiffs' misjoinder borders on a 'sham' . . .").[2]

Here, as in *Prempro*, "it is not clear that the joinder is so egregious and grossly improper under the broadly-interpreted joinder standards that it warrants an adoption and application of the fraudulent misjoinder doctrine." *Id.* at 624. On numerous occasions, this Court has determined the joinder of plaintiffs alleging injury from a single drug is not "egregious," because common issues of law and fact connect the plaintiffs' claims. *See, e.g.*, *T.F., et al. v. Pfizer, Inc.*, Case Number 4:12CV1221 CDP (E.D. Mo. July 23, 2012) (Zoloft®); *S.F., et al. v. Pfizer, Inc.*, Case Number 4:12CV420 CEJ (E.D. Mo. April 4, 2012) (Zoloft®); *Douglas v. GlaxoSmithKline, LLC*, 2010 WL 2680308 (E.D. Mo. July 1, 2010) (Avandia®); *Hebron, et al. v. Abbvie Inc., et al.*, Case Number 4:14CV1910 ERW (E.D. Mo. Dec. 18, 2014) (AndroGel®). As alleged in the Complaint, the claims here all arise from injuries allegedly "suffered by Plaintiffs as a direct and

---

[2] In *Prempro*, the Eighth Circuit clarified it was "mak[ing] no judgment on whether the plaintiffs' claims are *properly* joined under Rule 20." 591 F.3d at 623 (emphasis in original).

proximate result of [Defendant's] negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of LIPITOR®" [ECF No. 5 at ¶ 1]. Plaintiffs claim they all: (1) were prescribed LIPITOR® to lower their levels of low-density lipoprotein; (2) used it as directed; and (3) "developed type 2 diabetes after initiating their LIPITOR® treatment" [ECF No. 5 at ¶¶ 76-78]. Thus, common issues of law and fact would appear to connect these Plaintiffs' claims. Therefore, Defendant has failed to convince the Court the joinder of any Plaintiff in this action "is so egregious and grossly improper" that it constitutes misjoinder "bordering on a sham." *In re Prempro*, 591 F.3d at 624.[3]

Because the joinder of claims in this case does not constitute egregious misjoinder, complete diversity does not exist. Thus, Defendant has not met its burden of demonstrating that the parties are diverse or that this Court has jurisdiction over this case as required by 28 U.S.C. § 1332. Because the Court lacks subject matter jurisdiction over this case, the case will be remanded to state court.

Accordingly,

---

[3] In arguing Plaintiff has engaged in "egregious" misjoinder, Defendant questions the "continued validity" of the principles found in *Prempro* [ECF No. 21 at 12-14]. However, this Court is bound by Eighth Circuit precedent, and will abstain from theorizing as to "whether the Eighth Circuit would adhere to its decision in *Prempro* if presented with the issue of fraudulent misjoinder again." *See Swann v. Johnson & Johnson*, 2014 WL 6850776, at *4 (E.D. Mo. Dec. 3, 2014).

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [ECF No. 11] is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that all remaining pending motions are **DENIED**, without prejudice, **as moot**.

So Ordered this 1st day of May, 2015.

_E. Richard Webber_
**E. RICHARD WEBBER**
**SENIOR UNITED STATES DISTRICT JUDGE**